# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDELL MOORE, | 1:10-cv-00738-GSA-PC |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM (Doc. 8.) |
| v. | |
| DR. ROTMAN, et al., | ORDER FOR THIS DISMISSAL TO COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |
| Defendants. | |
| | ORDER DIRECTING CLERK TO CLOSE CASE |

**I.     RELEVANT PROCEDURAL HISTORY**

Claudell Moore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 28, 2010. (Doc. 1.) On May 12, 2010, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On November 23, 2010, the Court dismissed the Complaint for failure to state a claim, with leave to amend. (Doc. 7.) On December 27, 2010, Plaintiff filed the First Amended Complaint, which is now before the Court for screening. (Doc. 8.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

## III. SUMMARY OF AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, where the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as defendants Dr. Rotman, Dr. S. Ramen, Dr. Gonzalez, Dr. Steve Moulios, LVN Gonzalez, RN Howard, RN Powell, RN G. Miller, Chief Medical Officer ("CMO") A. Enenmoh, Chief Appeals Coordinator J. Walker, and RN S. Umi ("Defendants"). All of the Defendants are employed by the California Department of Corrections and Rehabilitation ("CDCR").

Plaintiff alleges as follows in the First Amended Complaint.

Plaintiff suffers from medical and psychiatric disorders. Defendants Dr. Rotman, CMO A. Enenmoh, Dr. Raman, and Dr. Gonzalez diagnosed Plaintiff with Lupus, a spinal cord and degenerative disease that causes severe pain in the joints, kidneys, mucous membranes and blood

1  vessel walls, attacks the blood cells, and causes heart problems.  Plaintiff suffers excruciating pain
2  from these maladies and is required to take the pain medication Tremadol.  Defendants Dr. Rotman,
3  CMO A. Enenmoh, LVN Gonzalez, RN Powell, and RN Howard denied Plaintiff medical treatment
4  and pain medication for months at a time.  Plaintiff submitted requests for medical treatment and
5  made emergency demands for pain medication through the Medical Department at the Facility D
6  Clinic, to defendants LVN Gonzalez, RN Howard, and RN Powell.  Defendants Dr. Rotman, A.
7  Enenmoh, Dr. Gonzalez, Dr. Steve Moulios, LVN Gonazalez, RN Power, and RN Howard knew
8  about Plaintiff's medical conditions, but when he sought medical treatment, they denied him
9  medications, causing him to suffer severe migraine headaches, high blood pressure, and heart
10 problems.  Plaintiff was hospitalized at the Mercy Hospital for chest pains and was given an EKG
11 exam which indicated a serious heart problem.  Even though defendants Dr. Rotman, CMO A.
12 Enenmoh, Dr. Gonzalez, Dr. Steve Moulios, LVN Gonzalez, RN Powell, RN Miller, and RN
13 Howard all saw and read that Plaintiff's EKG was abnormal, they placed a cancellation on the
14 Tremadol medication, intending to cause Plaintiff pain.  After his return from the hospital, Plaintiff
15 filed requests for medical treatment on form CDC-7362 but was not treated.
16      Plaintiff filed two CDC-602 inmate complaints directly to the Warden, whereby RN S. Umi
17 conspired with defendants Dr. A. Enenmoh, Dr. Rotman, Dr. S. Raman, and James Walker and
18 refused to process the complaints.  The complaints were screened out and denied, falsely stating that
19 Plaintiff is receiving adequate medical care.
20      Defendants also retaliated against Plaintiff for his efforts to secure adequate and proper
21 medical treatment, by withholding his prescription pain medications, knowing they would cause him
22 pain.
23      As a result of Defendants' actions, Plaintiff suffered severe physical and mental pain and was
24 forced to seek legal assistance and pay court fees to file this action.  Plaintiff requests monetary
25 damages as relief.
26 **IV.    PLAINTIFF'S CLAIMS**
27      The Civil Rights Act under which this action was filed provides:
28      Every person who, under color of [state law] . . . subjects, or causes to be subjected,

3

```
any citizen of the United States . . . to the deprivation of any rights, privileges, or
immunities secured by the Constitution . . . shall be liable to the party injured in an
action at law, suit in equity, or other proper proceeding for redress.
```

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweeney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A.   Personal Participation and Supervisory Liability

Plaintiff brings allegations against defendant CMO E. Enenmoh, seeking to hold him "legally liable for the acts of subordinate Licensed Vocational Nurses, and Registered Nurses, who acted ... 'Under Color of State Laws.'" (First Amended Complaint ("ACP") at 3 ¶13.) Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 129 S.Ct. at 1948-49.

Liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, No. 09-55233, 2011 WL 2988827 at *4-5 (9th Cir. July 25, 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Therefore, Plaintiff fails to state a claim against defendant Enenmoh, or any of the Defendants, as merely supervisory personnel, and these claims shall be dismissed.

### B.   Inmate Appeals Process

Plaintiff alleges that several of the Defendants failed to respond properly to his inmate appeals. Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any

4

claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495. Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals, and Plaintiff's claims regarding the inmate appeals process shall be dismissed.

**C.    Conspiracy**

Plaintiff alleges that RN S. Umi conspired with defendants Dr. A. Enenmoh, Dr. Rotman, Dr. S. Raman, and James Walker to refuse to process Plaintiff's complaints.

In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121,

5

1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff has not alleged any facts supporting the existence of an agreement or meeting of the minds among Defendants to violate Plaintiff's constitutional rights. Therefore, Plaintiff fails to state a claim for conspiracy for which relief can be granted under § 1983 against any of the Defendants, and this claim shall be dismissed.

### D. Retaliation

Plaintiff alleges that Defendants retaliated against him because he attempted to obtain medical care, by refusing him medical care.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff fails to make factual allegations that an adverse action was taken against him because of protected conduct. Obtaining medical care is not protected conduct under the First Amendment. Therefore, Plaintiff fails to state a claim for retaliation, and this claim shall be dismissed.

### E. Eighth Amendment Medical Care Claim

Plaintiff alleges that Defendants failed to provide him adequate medical care, in violation of the Eighth Amendment, when they refused him medical treatment and denied him medications.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff has sufficiently shown a serious medical need, based on allegations that he suffers from Lupus and other maladies which cause him severe pain.  However, Plaintiff fails to make

factual allegations demonstrating that any of the Defendants consciously disregarded an excessive risk to his health or safety.  Plaintiff has not specified any act, or omission to act, by a Defendant demonstrating that the Defendant was aware of a substantial risk of serious harm to Plaintiff and acted in conscious disregard of the risk.  The most that Plaintiff has shown is negligence or a difference of opinion regarding treatment, which does not give rise to a claim.  Therefore, Plaintiff fails to state a cognizable Eighth Amendment medical claim against any of the Defendants, and this claim shall be dismissed.

**V.    CONCLUSION**

The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under section 1983 against any of the Defendants.  In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with guidance by the Court.  Plaintiff has now filed two complaints without alleging facts against any of the Defendants which state a claim under § 1983.  Plaintiff appears incapable of curing the deficiencies outlined above by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, this action shall be dismissed in its entirety, with prejudice, for failure to state a claim.

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED in its entirety, with prejudice, for failure to state a claim upon which relief can be granted;
2. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

**Dated:    September 20, 2011**              **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE